# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| | § | |
| **AGIS SOFTWARE DEVELOPMENT LLC** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | **Case No. 2:17-cv-516** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **APPLE, INC.,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, AGIS Software Development LLC ("AGIS Software" or "Plaintiff"), files this Original Complaint against Defendant, Apple, Inc. ("Apple"), for patent infringement under 35 U.S.C. § 271 and alleges as follows:

## THE PARTIES

1.      Plaintiff, AGIS Software, is a limited liability company organized and existing under the laws of the State of Texas, and maintains its principal place of business at 100 W. Houston Street, Marshall, Texas 75670.  AGIS Software is the owner of all right, title, and interest in and to U.S. Patent Nos. 9,467,838, 9,445,251, 9,408,055, and 8,213,970 (collectively, the "patents-in-suit").

2.      Upon information and belief, Defendant Apple is a California corporation having a principal place of business in Cupertino, California and regular and established places of business at 2601 Preston Road, Frisco, Texas, and 6121 West Park Boulevard, Plano, Texas, as well as other locations in Texas.  Apple offers and sells its products and/or services, including

those accused herein of infringement, to customers and potential customers located in Texas, including in the judicial Eastern District of Texas.  Apple may be served with process through its registered agent for service in Texas: CT Corporation System, 1999 Bryant Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b).  Apple has regular and established places of business in this judicial district, including in Frisco and Plano, is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused devices in this judicial district.

5.      This Court has personal jurisdiction over Apple.  Apple conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this judicial district and/or has contributed to patent infringement by others in this judicial district, the State of Texas, and elsewhere in the United States.

## PATENTS-IN-SUIT

6.      On July 3, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,213,970 (the "'970 Patent") entitled "Method of Utilizing Forced Alerts for Interactive Remote Communications."  A true and correct copy of the '970 Patent is attached hereto as Exhibit A.

7.     On August 2, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,408,055 (the "'055 Patent") entitled "Method to Provide Ad Hoc and Password Protected Digital and Voice Networks."   A true and correct copy of the '055 Patent is attached hereto as Exhibit B.

8.     On September 13, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,445,251 (the "'251 Patent") entitled "Method to Provide Ad Hoc and Password Protected Digital and Voice Networks."   A true and correct copy of the '251 Patent is attached hereto as Exhibit C.

9.     On October 11, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,467,838 (the "'838 Patent") entitled "Method to Provide Ad Hoc and Password Protected Digital and Voice Networks."   A true and correct copy of the '838 Patent is attached hereto as Exhibit D.

## FACTUAL ALLEGATIONS

10.     Malcolm K. "Cap" Beyer, Jr., a graduate of the United States Naval Academy and a former U.S. Marine, is the CEO of AGIS Software and a named inventor of the AGIS patent portfolio.   Mr. Beyer founded Advanced Ground Information Systems, Inc. ("AGIS, Inc.") shortly after the September 11, 2001, terrorist attacks because he believed that many first-responder and civilian lives could have been saved through the implementation of a better communication system.   He envisioned and developed a new communication system that would use integrated software and hardware components on mobile devices to give users situational awareness superior to systems provided by conventional military and first-responder radio systems.

3

11.     AGIS, Inc. developed prototypes that matured into its LifeRing system.  LifeRing provides first responders, law enforcement, and military personnel with what is essentially a tactical operations center built into hand-held mobile devices.   Using GPS-based location technology and existing or special-purpose cellular communication networks, LifeRing users can exchange location, heading, speed, and other information with other members of a group, view each other's locations on maps and satellite images, and rapidly communicate and coordinate their efforts.  The system also interfaces with military command-and-control systems, such as GCCS, JCR, AFATDS, C2PC, and FBCB2.

12.     AGIS Software licenses its patent portfolio, including the '970, '055, '251, and '838 Patents to AGIS, Inc.  AGIS, Inc.'s LifeRing product practices one or more of the patents in the AGIS portfolio and AGIS, Inc. has marked its products accordingly.

13.     AGIS Software and all previous assignees of the patents-in-suit have complied with the requirements of 35 U.S.C. § 287(a).

14.     Apple manufactures, uses, sells, offers for sale, and/or imports into the United States electronic devices such as, but not limited to: iPhones (including but not limited to versions 4, 4s, 5, 5s, SE, 6s, 6s+, 7, 7+, and 7 Red) and iPads (including but not limited to iPad versions 1 through 3, iPad Air versions 1 and 2, iPad Mini versions 1 through 4, and iPad Pro 9.7, 10.5, and 12.9) (collectively, the "Accused Devices"), all of which are pre-configured or adapted with Apple's own map-based communication applications and/or features such as, but not limited to: Apple Maps, Find My iPhone, Find My Friends, and iMessage apps.  Apple provides software such as, but not limited to: Apple Maps, Find My iPhone, Find My Friends, and iMessage apps as components of its iOS operating systems software and as downloads on Apple's App Store.  The Accused Devices, together with Apple's software components such as,

but not limited to Apple Maps, Find My iPhone, Find My Friends, and iMessage apps are configured to interact with Apple's servers which provide the Apple Maps service, the Apple iCloud service, and the Apple iMessage service, among other services provided by Apple and utilized by Apple's customers when operating the Accused Devices such as the iPhones and iPads identified herein.

15.     The Accused Devices include functionalities that allow users to form groups with other users and/or Accused Devices; to view the geographical locations, which may be continuously updated, of other users and/or Accused Devices in the groups; and to engage in communications between users and/or Accused Devices in the groups, including text, voice, and multimedia-based communications.  The Accused Devices include additional functionalities that allow users to form groups to include their own Accused Devices and track their own lost or stolen Accused Devices (as shown below); to send and receive communications from their own lost or stolen Accused Devices; and to remotely control the lost or stolen Accused Devices.



## COUNT I
### (Infringement of the '970 Patent)

16.     Paragraphs 1 through 15 are incorporated herein by reference as if fully set forth in their entireties.

17.     AGIS Software has not licensed or otherwise authorized Apple to make, use, offer for sale, sell, or import any Accused Devices and/or products that embody the inventions of the '970 Patent.

18.     Apple has and continues to directly infringe at least claim 6 of the '970 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Devices without authority and in violation of 35 U.S.C. § 271(a).

19.     Apple has and continues to indirectly infringe at least claim 6 of the '970 Patent by actively, knowingly, and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the infringing Accused Devices and by instructing users of the Accused Devices to perform methods claimed in the '970 Patent.  For example, Apple, with knowledge that the Accused Devices infringe the '970 Patent at least as of the date of this Complaint, actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, direct infringement of the '970 Patent in violation of 35 U.S.C. § 271(b).

20.     For example, Apple has indirectly infringed and continues to indirectly infringe at least claim 6 of the '970 Patent in the United States because Apple's customers use such devices, including at least the Find My iPhone, Find My Friends, and iMessage Apps installed on the Accused Devices, in accordance with Apple's instructions and thereby directly infringe at least claim 6 of the '970 Patent in violation of 35 U.S.C. § 271(a).  Apple actively, knowingly, and

intentionally instructs its customers to infringe directly and/or indirectly through training videos, demonstrations, brochures, installations and/or user guides such as those located at one or more of the following: www.apple.com, support.apple.com, appleid.apple.com, itunes.apple.com, and the "Genius Bars" located in Apple locations within this judicial district.  Apple is thereby liable for infringement of the '970 Patent under 35 U.S.C. § 271(b).

21.     For example, Apple, on its website, includes instructions for using its Find My iPhone app on the exemplary Accused Devices (e.g., https://support.apple.com/en-us/HT201472).  This website sets forth at least the process by which a user of the exemplary Accused Devices may perform the steps of claim 6 of the '970 Patent as depicted below.






If Find My iPhone is turned on, you can use it to find your device.

If Find My iPhone isn't on, change your passwords and report the device as missing.

## If Find My iPhone is enabled on your missing device

You can use Find My iPhone to find your device and take additional actions that can help you recover it and keep your data safe.

1.  Sign in to **icloud.com/find** on a Mac or PC, or use the **Find My iPhone app** on another iPhone, iPad, or iPod touch.

2.  Find your device. Open Find My iPhone, and select a device to view its location on a map. If the device is nearby, you can have it play a sound to help you or someone nearby find it.

3.  **Turn on Lost Mode.** Using Lost Mode, you can remotely lock your device with a **passcode**, display a custom message with your phone number on your missing device's Lock screen, and **keep track of your device's location**. If you added **credit or debit cards to Apple Pay**, the ability to make payments using Apple Pay on the device is suspended when you put your device in Lost Mode.



4. Report your lost or stolen device to local law enforcement. Law enforcement might request the serial number of your device. **Find your device serial number.**

5. **Erase your device.** To prevent anyone else from accessing the data on your missing device, you can erase it remotely. When you erase your device, all of your information (including credit or debit cards for Apple Pay) is deleted from the device, and you won't be able to find it using Find My iPhone. After you erase a device, you can't track it. If you **remove the device from your account** after you erase it, **Activation Lock** will be turned off. This allows another person to activate and use your device.

6. Report your lost or stolen device to your wireless carrier, so they can disable your account to prevent calls, texts, and data use. Your device might be covered under your wireless carrier plan.

If you use **Family Sharing**, any family member can help locate another member's missing device. Just have your family member sign in to iCloud with their Apple ID, and you can find any device associated with that Family Sharing account.

22.     AGIS Software has suffered damages as a result of Apple's direct and indirect infringement of the '970 Patent in an amount to be proved at trial.

23.     AGIS Software has suffered, and will continue to suffer, irreparable harm as a result of Apple's infringement of the '970 Patent for which there is no adequate remedy at law, unless Apple's infringement is enjoined by this Court.

24.     Apple has committed and continues to commit acts of infringement that Apple actually knew or should have known constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '970 Patent.  Apple's infringement of the '970 Patent

has been and continues to be willful, entitling AGIS Software to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## COUNT II
### (Infringement of the '055 Patent)

25.     Paragraphs 1 through 15 are incorporated herein by reference as if fully set forth in their entireties.

26.     AGIS Software has not licensed or otherwise authorized Apple to make, use, offer for sale, sell, or import any Accused Devices and/or products that embody the inventions of the '055 Patent.

27.     Apple has and continues to directly infringe at least claim 28 of the '055 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Devices without authority and in violation of 35 U.S.C. § 271(a).

28.     Apple has and continues to indirectly infringe at least claim 28 of the '055 Patent by actively, knowingly, and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Devices and by instructing users of the Accused Devices to perform methods claimed in the '055 Patent.  For example, Apple, with knowledge that the Accused Devices infringe the '055 Patent at least as of the date of this Complaint, actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, direct infringement of the '055 Patent in violation of 35 U.S.C. § 271(b).

29.     For example, Apple has indirectly infringed and continues to indirectly infringe at least claim 28 of the '055 Patent in the United States because Apple's customers use such devices, including at least the iMessage, Find My iPhone, Find My Friends, and Apple Maps

apps installed on the Accused Devices, in accordance with Apple's instructions and thereby directly infringe at least one claim of the '055 Patent in violation of 35 U.S.C. § 271(a).  Apple actively, knowingly, and intentionally instructs its customers to infringe directly and/or indirectly through training videos, demonstrations, brochures, installations and/or user guides such as those located at one or more of the following: www.apple.com, support.apple.com, appleid.apple.com, itunes.apple.com, and the "Genius Bars" located in Apple locations within this district.  Apple is thereby liable for infringement of the '055 Patent under 35 U.S.C. § 271(b).

30.     For example, Apple, on its website, includes instructions for using its Find My Friends app on the exemplary Accused Devices.    (e.g.,  https://support.apple.com/en-us/HT201060).  According to Apple's website, the exemplary Accused Devices allow users to utilize the Find My Friends app and the Messages app to "keep tabs on each other" by viewing other users' locations on a map and to communicate with them via the map interface.



Keep track of where everybody is.

When you join a Family Sharing group, you can start sharing your location with the rest of the family automatically. If you're running late to a restaurant or need to know if your kid made it to band practice, just use Find My Friends or the Messages app on iOS 8 or later to keep tabs on each other.

If you need privacy, you can temporarily stop sharing your location by disabling the Share My Location switch in iCloud settings.

31.     Additionally, the exemplary Accused Devices allow users to establish groups and to exchange messages via interaction with Apple's servers which provide the iCloud service, Apple Maps service, and iMessage service, among other relevant services.   The exemplary Accused Devices further allow users to retrieve map information from multiple sources including street-view maps, as well as satellite renderings.

32.     The exemplary Accused Devices are programmed to obtain contact information from other users' devices, where that contact information includes phone numbers. (e.g., https://support.apple.com/explore/messages; http://help.apple.com/iphone/10/#/iph3e0ca2db)



33.     The exemplary Accused Devices are further programmed to facilitate the
initiation of Internet Protocol (IP) based communication between devices with SMS messages
and other text messages.  This functionality is available at least through the iMessage apps.  (e.g.,
https://support.apple.com/en-us/HT207006).



34.     The IP- and SMS-based messages include location information that allows users
to keep track of other devices.  (e.g., https://support.apple.com/en-us/HT201060).  This location
information is presented on interactive displays on the exemplary Accused Devices which
include interactive maps and a plurality of user-selectable symbols corresponding to other
devices.  These symbols are positioned on the map at positions corresponding to the locations of
the other devices as depicted below.  (e.g., https://support.apple.com/kb/ph2698?locale=en_US)



35.     The exemplary Accused Devices are further programmed to permit interaction with the display where a user may select one or more symbols and where the exemplary Accused Devices further permit data to be sent to other devices based on that interaction.  The exemplary Accused Devices are further programmed to permit users to specify additional locations and to communicate those user-specified locations to other users via symbols on an interactive display as depicted below.   (e.g.,   http://www.imore.com/how-share-location-contacts-and-more-imessages-iphone-or-ipad)

# How to send your current location with iMessage for iPhone and iPad

If a friend or family member is coming to meet you, you might want to send your current location so they can quickly and easily get to exactly where you are.

1. Launch the **Messages app**.

2. Tap on the **conversation** in which you'd like to send your location.

3. Tap on **Details** in the upper right hand corner.

4. Tap on **Send My Current Location**.



The person on the other end will be able to see where you are and even tap to get directions.

36.     AGIS Software has suffered damages as a result of Apple's direct and indirect infringement of the '055 Patent in an amount to be proved at trial.

14

37.     AGIS Software has suffered, and will continue to suffer, irreparable harm as a result of Apple's infringement of the '055 Patent for which there is no adequate remedy at law, unless Apple's infringement is enjoined by this Court.

38.     Apple has committed and continues to commit acts of infringement that Apple actually knew or should have known constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '055 Patent.  Apple's infringement of the '055 Patent has been and continues to be willful, entitling AGIS Software to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

### COUNT III
### (Infringement of the '251 Patent)

39.     Paragraphs 1 through 15 are incorporated herein by reference as if fully set forth in their entireties.

40.     AGIS Software has not licensed or otherwise authorized Apple to make, use, offer for sale, sell, or import any Accused Devices and/or products that embody the inventions of the '251 Patent.

41.     Apple has and continues to directly infringe one or more claims of the '251 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Devices without authority and in violation of 35 U.S.C. § 271(a).

42.     Apple has and continues to indirectly infringe at least claim 24 of the '251 Patent by actively, knowingly, and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Devices and by instructing users of the Accused Devices to perform methods claimed in the '251 Patent.  For example, Apple, with knowledge that the

15

Accused Devices infringe the '251 Patent at least as of the date of this Complaint, actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, direct infringement of the '251 Patent in violation of 35 U.S.C. § 271(b).

43.     For example, Apple has indirectly infringed and continues to indirectly infringe at least one claim of the '251 Patent in the United States because Apple's customers use such devices, including at least the iMessage, Find My iPhone, Find My Friends, and Apple Maps apps installed on the Accused Devices, in accordance with Apple's instructions and thereby directly infringe at least one claim of the '251 Patent in violation of 35 U.S.C. § 271(a).  Apple actively, knowingly, and intentionally instructs its customers to infringe directly and/or indirectly through training videos, demonstrations, brochures, installations and/or user guides such as those located at one or more of the following: www.apple.com, support.apple.com, appleid.apple.com, itunes.apple.com, and the "Genius Bars" located in Apple locations within this judicial district. Apple is thereby liable for infringement of the '251 Patent under 35 U.S.C. § 271(b).

44.     For example, Apple, on its website, includes instructions for using its Find My Friends app on the exemplary Accused Devices.   (e.g., https://support.apple.com/en-us/HT201060).  According to Apple's website, the exemplary Accused Devices allow users to utilize the Find My Friends app and the Messages app to "keep tabs on each other" by viewing other users' locations on a map and to communicate with them via the map interface.



45.     Additionally, the exemplary Accused Devices allow users to establish groups and to exchange messages via interaction with Apple's servers which provide the iCloud service, Apple Maps service, and iMessage service, among other relevant services.   The exemplary Accused Devices further allow users to retrieve map information from multiple sources including street-view maps, as well as satellite renderings.

46.     The exemplary Accused Devices are programmed to receive messages from other devices where those messages relate to joining groups as depicted below.    (e.g., https://support.apple.com/en-us/HT201493).

- You can follow up to 50 friends.
- You can have up to 50 friends follow you.
- You can participate in up to 10 temporary events.
- Each temporary event can contain up to 50 friends.
- Temporary friends don't count against your permanent friends limits.

47.     The exemplary Accused Devices are further programmed to facilitate participation in the groups by communicating with a server and sending to and receiving location information as depicted below.  (e.g.,

https://developer.apple.com/library/content/documentation/UserExperience/Conceptual/Location

AwarenessPG/Introduction/Introduction.html#//apple_ref/doc/uid/;

https://developer.apple.com/library/content/documentation/UserExperience/Conceptual/Location

AwarenessPG/CoreLocation/CoreLocation.html#//apple_ref/doc/).

## Location Services Provide a Geographical Context for Apps

Knowing the user's geographic location can improve the quality of the information you offer, and might even be at the heart of your app. Apps with navigation features use location services to monitor the user's position and generate updates. Other types of apps use location services to enable social connections among nearby users.

Relevant Chapters: Getting the User's Location, Region Monitoring and iBeacon, Geocoding Location Data

## Getting the User's Current Location

The Core Location framework lets you locate the current position of the device and use that information in your app. The framework reports the device's location to your code and, depending on how you configure the service, also provides periodic updates as it receives new or improved data.

Two services can give you the user's current location:

- The *standard location service* is a configurable, general-purpose solution for getting location data and tracking location changes for the specified level of accuracy.
- The *significant-change location service* delivers updates only when there has been a significant change in the device's location, such as 500 meters or more.

48.     This location information is presented on interactive displays on the exemplary Accused Devices which include interactive maps and a plurality of user selectable symbols corresponding to other devices.   These symbols are positioned on the map at positions corresponding to the locations of the other devices as depicted below.   (e.g., https://support.apple.com/en-us/HT201060)



49.     The exemplary Accused Devices are further programmed to permit users to request and display additional maps by, for example, moving the map screen and/or by selecting satellite image maps.  The exemplary Accused Devices are further programmed to permit interaction with the display where a user may select one or more symbols and where the exemplary Accused Devices further permit data to be sent to other devices based on that interaction.

50.     AGIS Software has suffered damages as a result of Apple's direct and indirect infringement of the '251 Patent in an amount to be proved at trial.

51.     AGIS Software has suffered, and will continue to suffer, irreparable harm as a result of Apple's infringement of the '251 Patent for which there is no adequate remedy at law, unless Apple's infringement is enjoined by this Court.

52.     Apple has committed and continues to commit acts of infringement that Apple actually knew or should have known constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '251 Patent.  Apple's infringement of the '251 Patent has been and continues to be willful, entitling AGIS Software to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

**COUNT IV**
**(Infringement of the '838 Patent)**

53.     Paragraphs 1 through 15 are incorporated herein by reference as if fully set forth in their entireties.

54.     AGIS Software has not licensed or otherwise authorized Apple to make, use, offer for sale, sell, or import any Accused Devices and/or products that embody the inventions of the '838 Patent.

55.     Apple has and continues to directly infringe at least claim 54 of the '838 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Devices without authority and in violation of 35 U.S.C. § 271(a).

56.     Apple has and continues to indirectly infringe at least claim 54 of the '838 Patent by actively, knowingly, and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Devices and by instructing users of the Accused Devices to perform methods claimed in the '838 Patent.  For example, Apple, with knowledge that the Accused Devices infringe the '838 Patent at least as of the date of this Complaint, actively, knowingly, and intentionally induced, and continues to actively, knowingly,  and intentionally induce, direct infringement of the '838 Patent in violation of 35 U.S.C. § 271(b).

20

57.     For example, Apple has indirectly infringed and continues to indirectly infringe at least claim 54 of the '838 Patent in the United States because Apple's customers use such devices, including at least the Messages, iMessage, Find My iPhone, Find My Friends, and Apple Maps apps installed on the Accused Devices, in accordance with Apple's instructions and thereby directly infringe at least one claim of the '838 Patent in violation of 35 U.S.C. § 271(a). Apple directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installations and/or user guides such as those located at one or more of the following: www.apple.com, support.apple.com, appleid.apple.com, itunes.apple.com, and the "Genius Bars" located in Apple locations within this judicial district. Apple is thereby liable for infringement of the '838 Patent under 35 U.S.C. § 271(b).

58.     For example, Apple, on its website, includes instructions for using its Find My Friends app on the exemplary Accused Devices.   (e.g., https://support.apple.com/en-us/HT201060).   According to Apple's website, the exemplary Accused Devices allow users to utilize the Find My Friends app and the Messages app to "keep tabs on each other" by viewing other users' locations on a map and to communicate with them via the map interface.



59.     Additionally, the exemplary Accused Devices allow users to establish groups and to exchange messages via interaction with Apple's servers which provide the iCloud service, Apple Maps service, and iMessage service, among other relevant services.   The exemplary Accused Devices further allow users to retrieve map information from multiple sources including street-view maps as well as satellite renderings.

60.     The exemplary Accused Devices are programmed to form and join groups by transmitting messages.  (*See, e.g.*, https://support.apple.com/en-us/HT201493)

## Add a friend

To use Find My Friends, your friend needs to have Find My Friends on their device too. You can only add friends from Find My Friends on your iPhone, iPad, or iPod touch.

1. Open Find My Friends.
2. Tap Add.
3. Choose a friend or enter your friend's email address, then tap Done to send the request.

After your friend agrees to share their location, you can see where they are in a list or on a map in the Find My Friends app, or on iCloud.com.

61.     The exemplary Accused Devices are further programmed to facilitate participation in the groups by communicating with one or more servers and sending to and receiving location information as depicted below.  (e.g.,

https://developer.apple.com/library/content/documentation/UserExperience/Conceptual/Location AwarenessPG/Introduction/Introduction.html#//apple_ref/doc/uid/;

https://developer.apple.com/library/content/documentation/UserExperience/Conceptual/Location AwarenessPG/CoreLocation/CoreLocation.html#//apple_ref/doc/).

## Location Services Provide a Geographical Context for Apps

Knowing the user's geographic location can improve the quality of the information you offer, and might even be at the heart of your app. Apps with navigation features use location services to monitor the user's position and generate updates. Other types of apps use location services to enable social connections among nearby users.

> Relevant Chapters: Getting the User's Location, Region Monitoring and iBeacon, Geocoding Location Data

# Getting the User's Current Location

The Core Location framework lets you locate the current position of the device and use that information in your app. The framework reports the device's location to your code and, depending on how you configure the service, also provides periodic updates as it receives new or improved data.

Two services can give you the user's current location:

- The *standard location service* is a configurable, general-purpose solution for getting location data and tracking location changes for the specified level of accuracy.

- The *significant-change location service* delivers updates only when there has been a significant change in the device's location, such as 500 meters or more.

62.    This location information is presented on interactive displays on the exemplary Accused Devices which include interactive maps and a plurality of user-selectable symbols corresponding to other devices.   These symbols are positioned on the map at positions corresponding to the locations of the other devices as depicted below.    (e.g., https://support.apple.com/en-us/HT201060)



63.     The exemplary Accused Devices are further programmed to permit users to request and display additional maps from additional servers by, for example, moving the map screen and/or by selecting satellite image or other types of maps.   The exemplary Accused Devices are further programmed to permit interaction with the display where a user may select one or more symbols and where the exemplary Accused Devices further permit data to be sent to other devices based on that interaction.

64.     AGIS Software has suffered damages as a result of Apple's direct and indirect infringement of the '838 Patent in an amount to be proved at trial.

65.     AGIS Software has suffered, and will continue to suffer, irreparable harm as a result of Apple's infringement of the '838 Patent for which there is no adequate remedy at law, unless Apple's infringement is enjoined by this Court.

66.     Apple has committed and continues to commit acts of infringement that Apple actually knew or should have known constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '838 Patent.  Apple's infringement of the '838 Patent has been and continues to be willful, entitling AGIS Software to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, AGIS Software prays for relief against Defendants as follows:

a.     Entry of judgment declaring that Apple has directly and/or indirectly infringed one or more claims of each of the patents-in-suit;

b.     Entry of judgment declaring that Apple's infringement of the patents-in-suit has been willful and deliberate;

c.     An order pursuant to 35 U.S.C. § 283 permanently enjoining Apple, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of the patents-in-suit;

d.     An order awarding damages sufficient to compensate AGIS Software for Apple's infringement of the patents-in-suit, but in no event less than a reasonable royalty, together with interest and costs;

e.     An order awarding AGIS Software treble damages under 35 U.S.C. § 284 as a result of Apple's willful and deliberate infringement of the patents-in-suit;

f.     Entry of judgment declaring that this case is exceptional and awarding AGIS Software its costs and reasonable attorney fees under 35 U.S.C. § 285; and

g.      Such other and further relief as the Court deems just and proper.

Dated: June 21, 2017                          Respectfully submitted,

                                              MCKOOL SMITH, P.C.

                                               _/s/ Sam Baxter_____
                                              Samuel F. Baxter
                                              Texas State Bar No. 01938000
                                              sbaxter@mckoolsmith.com
                                              Jennifer L. Truelove
                                              Texas State Bar No. 24012906
                                              jtruelove@mckoolsmith.com
                                              MCKOOL SMITH, P.C.
                                              104 E. Houston Street, Suite 300
                                              Marshall, Texas 75670
                                              Telephone: (903) 923-9000
                                              Facsimile: (903) 923-9099


                                              Alfred R. Fabricant
                                              NY Bar No. 2219392
                                              Email: afabricant@brownrudnick.com
                                              Peter Lambrianakos
                                              NY Bar No. 2894392
                                              Email:  plambrianakos@brownrudnick.com
                                              Vincent J. Rubino, III
                                              NY Bar No. 4557435
                                              Email:  vrubino@brownrudnick.com
                                              Alessandra C. Messing
                                              NY Bar No. 5040019
                                              Email:  amessing@brownrudnick.com
                                              John A. Rubino
                                              NY Bar No. 5020797
                                              Email: jrubino@brownrudnick.com
                                              BROWN RUDNICK LLP
                                              7 Times Square
                                              New York, NY 10036
                                              Telephone: (212) 209-4800
                                              Facsimile: (212) 209-4801


                                              ATTORNEYS FOR PLAINTIFF,
                                              AGIS SOFTWARE DEVELOPMENT
                                              LLC